## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**THOMAS A. RUHL,**

      **Plaintiff,**

**vs.**                                                  **Civil No. 10-261 JCH/RLP**

**MICHAEL J. ASTRUE,**
**Commissioner of the**
**Social Security Administration,**

      **Defendant.**

### MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

1.     Plaintiff, Thomas A. Ruhl, ("Plaintiff" herein) seeks judicial review of the decision of the

Commissioner of the Social Security Administration denying his application for social security

disability income benefits.[2]

### Standard of Review

2.     This court does not review Plaintiff's claim *de novo*. The standard of review in social

security appeals requires this court to determine whether the Commissioner's final decision is

supported by substantial evidence and whether the correct legal standards were applied.  See Briggs

ex rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir.2001); Winfrey v. Chater, 92 F.3d 1017,

---

[1]Pursuant to 28 U.S.C. §636(b)(1), within fourteen [14] days of being served with a copy of this Analysis and Recommended Disposition, either party may file written objections to such proposed Analysis and Recommended Disposition. A party must file any objection within the fourteen [14] day period if that party seeks appellate review of the Analysis and Recommended Disposition. Failure to timely file objection with the court will be deemed a waiver of appellate review. Hill v. SmithKline Beecham Corp., 393 F.3d 1111,1114 (10th Cir. 2004).

[2]Plaintiff's March 4, 2008 application for disability benefits was denied initially and on reconsideration.  A hearing before an administrative law judge was held on May 20, 2009.  By decision dated Sept. 30, 2009 the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on January 19, 2010.   The decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §404.981; Doyle v. Barnhart, 331 F.3d 758, 759 (10th Cir. 2003).

1019 (10th Cir.1996); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th

Cir.1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting

Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may neither reweigh the

evidence nor substitute its judgment for that of the Commissioner. Casias v. Secretary of Health &

Human Servs., 933 F.2d 799, 800 (10th Cir.1991).  Even if the court would have reached a different

conclusion, if supported by substantial evidence, the Commissioner's decision stands.  Hamilton v.

Secretary of Health & Human Servs., 961 F.2d 1495 (10th Cir.1992).

## Factual Background

3.      Plaintiff was 55 years of age  at the alleged date of onset of disability, and 57 on the date of

the ALJ's decision.   He is a college graduate.  He previously  worked as a grocery product buyer

and as a sales manager.  He alleges an inability to work since April 2007.  According to the brief

filed by his counsel, Plaintiff filed a subsequent application for benefits and was approved for

disability benefits on this application, with on disability onset date of March 1, 2010.  (Docket No.

11, p. 1).

## ALJ's Findings

4.      The ALJ found that Plaintiff suffered from the following combination of severe impairments:

Sensorimotor peripheral polyneuropathy of the lower extremities, diverticulosis, gastroesophageal

reflux disease, s/p rotator cuff repair (left shoulder), s/p hernia repair x 2, degenerative lumbar disc

disease and obesity.  (Tr. 9).

5.      The ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform

sedentary work requiring no more than frequent manipulation with the upper extremities[3]   and that

Plaintiff's past relevant work as a grocery products buyer and sales manager were  not precluded

by this RFC.[4]  (Tr. 10,  14).  The ALJ therefore concluded at step four of the sequential evaluation

process that Plaintiff was not disabled.  See <u>Williams v. Bowen</u>, 844 F.2d 748, 750-52 (10th Cir.

1988) (detailed discussion of the five steps of the sequential evaluation process).

Issue on Appeal

6.      Plaintiff asserts that the ALJ committed legal error by failing to conduct the analysis

required at step four of the sequential evaluation process, citing Social Security Ruling 82-62 and

<u>Winfrey v. Chater</u>, 92 F.3d 1017 (10th Cir. 1996).  Specifically, Plaintiff contends that "the ALJ's

step-four findings are completely devoid of any analysis of the demands (of Plaintiff's past relevant

work) with the established functional limitations."  (Docket No. 11, p. 5).

Discussion

7.      At step four, the ALJ is required to make specific findings of fact regarding: 1) the

individual's residual functional capacity, 2) the physical and mental demands of prior jobs or

occupations, and 3) the ability of the individual to return to the past occupation given his or her

residual functional capacity. Social Security Ruling 82-62, 1975-1982 West's Soc. Sec. Reporting

---

[3]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. §404.1567(a).

[4]Plaintiff points out that the vocational expert testified that the job of grocery products buyer was in the "light" exertional range.  While the VE did not provide a Dictionary of Occupational Titles reference number for this occupation, the DOT lists the job of Sales Representative, Food Products, DOT 260.357-014 as falling in the "light" exertional range.  Plaintiff's  description of this job *as performed by him* is  clearly in the sedentary range of exertion.   (Tr. 104, 108).  Accordingly substantial evidence supports the ALJ's determination that the physical demands of Plaintiff's past work as a grocery products buyer was in the sedentary range.

3

Serv., Rulings, 809, 812-813 (1983);  Henrie v. United States Department of HHS, 13 F.3d 359,

361 (1993); Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir.1996).

Phase One of Step 4
Residual Functional Capacity (RFC)

8.      In determining that Plaintiff retained the RFC for sedentary work requiring no more than

frequent manipulation of the upper extremities, the ALJ relied upon:

   a)      Dr. Gurule's November 2007 diagnosis of "mild" sensorimotor peripheral

           polyneuropathy with intact motor strength[5] (Tr. 11,   referring to Tr.155-157), and

           his August 2008 examination, at which time Plaintiff reported  that he  was able to

           walk for one hour before experiencing numbness and discomfort. (Tr. 12, referring

           to Tr. 334-335).

   b)      Plaintiff's testimony that he can lift 10 lbs.[6] (Tr. 29).

   c)      Plaintiff's daily activities which included making beds, doing laundry, washing

           dishes, dusting, going on-line, and some shopping.  (Tr. 13, referring to Tr. 99).

   d)      Plaintiff's representation that he did not require a cane for ambulation.  (Tr. 13,

---

[5]Dr. Gurule's assessment was unchanged on followup examination of January 10, 2008.  (Tr. 154).

[6]Plaintiff asserts that the medical record establishes that he is unable to lift at all, citing to Dr. Borgeson's July 29, 2008 letter. (Docket No. 11, p. 6 referring to Tr. 337- 338).  Dr. Borgeson did not state that  Plaintiff could not lift but that his shoulder injury "prevent(s) him from lifting and doing any physical jobs that would require use of just his arms and not his legs."  Additionally, Plaintiff represented that his job as Sales manager required no lifting or manipulative abilities.  (Tr. 109).

Plaintiff also contends that the ALJ ignored Dr. Borgeson's opinion that Plaintiff could not walk more than 100 feet without stopping to rest. (Docket No. 11, p. 6-7).  This opinion is found on a checklist for  a handicap parking sticker. (Tr. 338).  At no point in his narrative reports or letters does Dr. Borgeson assign or describe this limitation. Plaintiff's testimony and the history he gave to Dr. Gurule dispute this extent of limitation.  (Tr. 23, 334).

referring to Tr. 103).[7]

9.      Determination of an individual's RFC is an issue reserved to the Commissioner.  20 C.F.R.

404.1527(e), Social Security Ruling 96-5p, 1996 WL 374183, *2.   I find that the ALJ supported

his RFC finding with substantial evidence.

Phase Two of Step Four
The Demands of Past Work

10.      Plaintiff contends that the ALJ erred by failing to make findings regarding the mental

demands of his past work.   There is no evidence the Plaintiff suffers from a mental impairment.

Where there is no evidence of mental impairment, the ALJ is not required to specifically discuss

the mental demands of past relevant jobs.  Christopher v. Astrue, 479 F.Supp. 2d 1206, 1211 (D.

Kan. 2007).

11.      In determining the physical demands of Plaintiff's past work as a Sales Manager and

Grocery Products Buyer the ALJ relied on Plaintiff's description of his prior job in his Work

History Report.   The Vocational Expert testified that Plaintiff's past relevant work required

frequent (rather than constant) manipulation.  (Exhibit 4-E, pp 5-6; Tr. 14).

12.      In the Work History Reports cited by the ALJ, Plaintiff described his past work as requiring

the following physical abilities:

---

[7]The exhibit referred to by the ALJ is an Adult Function Report prepared by Plaintiff in May 2008. At question 21 of the report, Plaintiff indicated that he used a brace around his stomach, but did not indicate that he used a cane, walker, crutches, wheelchair or other devise to assist ambulation.  (Tr. 99, 103).

| Buyer, Grocery Products | |
|---|---|
| walking  . . . . . . . . . . . . . . . 1 hr per day | standing  . . . . . . . . . . . . . . . 1 hr per day |
| sitting   . . . . . . . . . . . . . . . 6 hr per day | climbing   . . . . . . . . . . . . . . . . . . . . none |
| stooping . . . . . . . . . . . . . . . . . . . .  none | kneeling . . . . . . . . . . . . . . . . . . . . . none |
| crouching . . . . . . . . . . . . . . . . . . . none | crawling . . . . . . . . . . . . . . . . . . . . . none |
| handling, grabbing, grasping<br>big objects  . . . . . . . . . . . . 2 hrs per day | writing, typing, handling<br>small objects  . . . . . . . . . . . 2 hr per day |
| reaching  . . . . . . . . . . . . . . 2 hrs per day | lifting/carrying . . . . . . . . . . . . . . . . none |
| heaviest weight lifted . . . . . . . . . . . 5 lb. | weight frequently lifted  . . . . . . . . . none |

| Sales Manager | |
|---|---|
| walking  . . . . . . . . . . . . . . . 1 hr per day | standing  . . . . . . . . . . . . . . . 1 hr per day |
| sitting   . . . . . . . . . . . . . . . 6 hr per day | climbing   . . . . . . . . . . . . . . 1 hr per day |
| stooping . . . . . . . . . . . . . . . . . . . .  none | kneeling . . . . . . . . . . . . . . . . . . . . . none |
| crouching . . . . . . . . . . . . . . . . . . . none | crawling . . . . . . . . . . . . . . . . . . . . . none |
| handling, grabbing, grasping<br>big objects  . . . . . . . . . . . . . . . . . none | writing, typing, handling<br>small objects  . . . . . . . . . . . . . . . . none |
| reaching  . . . . . . . . . . . . . . 2 hrs per day | lifting/carrying . . . . . . . . . . . . . . . . none |
| heaviest weight lifted . . . . . . . . . . . none | weight frequently lifted  . . . . . . . . . none |

(Tr. 108-109).

13.    The vocational expert testified that all Plaintiff's prior work  required frequent manipulation.

(Tr. 28-29).  The "ALJ may rely on information supplied by the VE at step four."  Doyal v. Barnhart,

331 F.3d 758, 761 (10th Cir. 2003), quoting Winfrey v. Chater, 92 F.3d. 1017, 1025 (10th Cir. 1996).

14.    The ALJ also discussed whether Plaintiff's need to move around could be  accommodated

in his prior positions, referring to Dr. Borgeson opinion that Plaintiff's combination of health

problems limited him to sedentary jobs, which would still be difficult because of the need to get up and move about. (Tr. 12, referring to Tr. 336-337). The ALJ stated, "Although I credit Dr. Borgeson's opinion that the claimant would be limited to sedentary work, I also find that the claimant's need to alternate between sitting and standing would be accommodated by the customary breaks in an eight-hour work day." (Tr. 12).

15.     Plaintiff contends that the ALJ's assessment that Plaintiff could accommodate his need to sit and stand with customary breaks in an 8-hour work day conflicts with Dr. Borgeson's opinion and is otherwise unsupported by substantial evidence. The ALJ's RFC assessment does not conflict with Dr. Borgeson's opinion. Dr. Borgeson stated only that sedentary jobs would be *difficult* because of Plaintiff's back pain and his need for frequent readjustment, repositioning and getting up and moving around.[8] (Tr. 337). Sedentary work, like Plaintiff's prior jobs, does not require six hours of uninterrupted sitting. Rather, it contemplates morning, lunch, and afternoon breaks at approximately two-hour intervals. See Social Security Ruling (SSR) 96-9p, 1996 WL 374185, at *6. Individuals in professional and managerial jobs, like Plaintiff's past work, typically can sit or stand with a degree of choice. Social Security Ruling 83-12, 1983 WL 31253, *4. There is nothing in Dr. Borgeson's letter to indicate that, in his view, Plaintiff could not meet these requirements. This is in stark contrast to the case relied upon the Plaintiff, Robinson v. Barnhart, 366 F.3d 1078 (10th Cir. 2004), there the treating physician stated that the claimant's severe mental impairments precluded any

_____

[8]Other notations in the medical record related to Plaintiff's back pain and limitations therefrom do not create conflicts with the ALJ's findings. Physical therapy notes from September 2007 state that Plaintiff received treatment to address "abdominal pain, history of abdominal hernia, low back pain" after Plaintiff had strained his abdominal performing "a lot of lifting." He was noted to have discomfort in his back on range of motion and increased pain in extension of the lumbar spine. He discontinued therapy after attending four of eight scheduled sessions, stating that he was "doing okay," and was ready for discharge. (Tr. 240-242).

gainful employment.

16.     I find that the ALJ's supported his findings with substantial evidence and the application of correct legal principles.

Phase Three of Step Four
Plaintiff's Ability to Meet the Demands of Past Work Despite Impairments

17.     In phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1024 (10th Cir.1996).  The ALJ properly assessed Plaintiff's RFC and made adequate findings regarding the demands of his past relevant work.  Therefore, the ALJ's finding that Plaintiff has the RFC to meet the demands of his past relevant work are also proper and supported by substantial evidence in the record.

Recommendation

18.     For these reasons, I recommend that Plaintiff's Motion to Reverse and Remand be denied, and that the decision of the Commissioner of Social Security, denying Plaintiff's application for disability income benefits be affirmed.

Richard L. Puglisi
Chief United States Magistrate Judge